Fox *v.* Conway Fire Insurance Co.

---

EDWARD FOX & als., *Ex'rs*, versus CONWAY FIRE INS. Co.

By the 9th rule of the Supreme Judicial Court, parties filing specifications of the nature and grounds of defence with the clerk, * * shall, in all cases, be confined, on the trial of the action, to the grounds of defence therein set forth; and all matters set forth in the writ and declaration, which are not specifically denied, shall be regarded as admitted for the purposes of the trial.

This rule is not repugnant to law; and the Supreme Judicial Court had not only statute, but inherent authority to establish it.

Specifications of defence may be amended at the discretion of the presiding Judge.

When the declaration on a policy of insurance alleges due notice and proof of the loss, according to the conditions of the policy, and the specifications

of defence do not deny such allegations, the plaintiffs need not show that they had notified the defendants of the fire, or that they had furnished them with any proofs or statements of loss or damage, verified by oath or affirmation.

If the specifications of defence contain no reference to the notice required by c. 34, § 5, of the Public Laws of 1861, and no question in relation thereto is made at the trial at *nisi prius*, the objection cannot be made before the Court *in banc*.

It may well be doubted whether more was intended by said section than that the preliminary proof therein set forth, should, in all cases, be deemed sufficient to authorize the plaintiff to maintain his suit.

It does not interdict the maintenance of a suit, where the notice required by the conditions of the policy has been given.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.

ASSUMPSIT on a policy of insurance against fire, dated Oct. 5, 1862.

The presiding Justice instructed the jury : — That, under the writ and pleadings and defendants' specifications of defence in this action, it was not necessary for the plaintiffs, to entitle them to recover in this action, to show that they had notified the defendants of the fire, or that they had furnished them with any proofs or statements of loss or damage, verified by defendants' oath or affirmation, (or any statement whatever.)

To which instruction the defendants excepted. The defendants also filed a motion to set aside the verdict as being against the weight of evidence ; but the proposition upon which this was based involved the same principles as the exceptions.

The remaining facts appear in the opinion.

*T. M. Hayes*, for the defendants.

*E. & F. Fox*, for the plaintiffs.

APPLETON, C. J. — This is an action on a policy of insurance by the defendants. The writ sets forth a loss within the terms of the policy, and that the defendants, " on the sixteenth day of November, had due notice and proof thereof, according to the conditions of the policy."

Fox *v.* Conway Fire Insurance Co.

The defendants seasonably filed specifications of defence, but there was no denial of the allegation of due notice and proof of the loss, according to the conditions of the policy.

By the 9th Rule of Court, 37 Maine, 570, "parties filing specifications of the nature and grounds of defence with the clerk, * * shall, in all cases, be confined, on the trial of the action, to the grounds of defence therein set forth; and all matters set forth in the writ and declaration, which are not specifically denied, shall be regarded as admitted for the purposes of the trial."

When the cause came on for trial, the plaintiff had not been legally notified that he would be expected to prove notice of the loss. Indeed, he was entirely justified in regarding the allegations in the writ, in reference thereto, as admitted. *Stevens* v. *Adams*, 45 Maine, 611.

Specifications are amendable. If requested, it was within the discretion of the presiding Judge to have allowed their amendment. But the question of such allowance was for him and not for this Court.

The learned counsel for the defendants refers us to the requirements, as to notice, under the Act of 1861, c. 34, § 5. But the specifications do not refer to this section. No question in reference thereto was made at the trial.

By R. S., 1857, c. 82, § 26, no motion in arrest of judgment can be entertained after verdict. The objection now raised was not taken at *nisi prius* and is not properly before us.

It may well be doubted whether more was intended by c. 34, § 5, than that the preliminary proof therein set forth should, in all cases, be deemed sufficient to authorize the plaintiff to maintain his suit,—for the language is—"no other preliminary proof of any kind shall be required before commencing an action," &c. In other words this shall suffice. But it does not interdict the maintenance of the suit, when the notice required by the conditions of the policy has been given.

The Supreme Court has the inherent right to establish rules for the orderly conduct of business before it.  But, if this were questionable, the authority is expressly conferred by statute, R. S., 1857, c. 77, § 13, provided they are not repugnant to law.  The rule in question is not.  It was established within the legitimate and unquestioned powers of the Court.  When thus established " it has the force of law, and is binding upon the Court, as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case."  *Thompson* v. *Hatch*, 3 Pick., 512.                    *Exceptions overruled.*

DAVIS, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.