**STATE of Maine**

v.

**Percy ROY.**

Supreme Judicial Court of Maine.

May 3, 1978.

Michael D. Seitzinger (orally), Asst. Atty. Gen., Augusta, John E. Welch, Dist. Atty., Houlton, for plaintiff.

Jordan & Goodridge by Donald Goodridge (orally), Houlton, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

In September, 1976, appellant Percy Roy was tried and convicted of the crime of taking indecent liberties in violation of former 17 M.R.S.A. § 1951 (1964). The State's evidence tended to prove that he took indecent liberties with the fifteen-and-a-half-year-old daughter of a woman he had been living with for several years. Appellant took the stand and denied the charge, testifying that there was animosity between himself and the child that grew out of his attempts to discipline her. Appellant did not place his own character in issue by introducing evidence of good character, but merely testified as to his difficulties with the child.

The State cross-examined Roy about a prior conviction. Appellant's counsel objected to that cross-examination and moved for a mistrial. Denying the motion for a mistrial, the trial court admitted the testimony, instructing the jury that the testimony was to be considered only as bearing on Roy's credibility as a witness.

The prior crime involved a charge which was substantially similar to the crime charged in the present case. The text of the cross-examination follows:

"Q  Are you the same Percy Roy who, at Edmundston, New Brunswick, Canada on the 28th day of May, 1970, was convicted of the crime in Canada of having had sexual intercourse with a Nancy Roy, knowing that she was your daughter and was sentenced to

a term of three years at the Maritime Penitentiary in Dorchester?

A Yes, I am.

Q How old was Nancy Roy?

A 15."

Appellant objected strongly to cross-examination about the New Brunswick conviction. His objection having been overruled, he did not specifically object to the question concerning the age of Nancy Roy. As one of his points on appeal, appellant argues that the admission of that entire testimony was reversible error.

■ Admissibility of a prior conviction for impeachment of a witness is governed by Rule 609(a) of the Maine Rules of Evidence.[1] *State v. Pinkham*, 383 A.2d 1355 (Me.1978). Under the Rule, before such evidence is admitted the trial court must determine that its probative value outweighs the prejudicial effect to the defendant. In balancing the two considerations the trial court must exercise its discretion in accordance with the directives of the Rule. *State v. Pinkham, supra.* The provision of subsection (a)(1) of the Rule, that prior conviction of a relatively serious crime is admissible for impeachment whether or not the crime involved dishonesty, must be taken in the context of the last sentence of subsection (a), that admissibility depends upon the court's determining that the probative value of the evidence outweighs its prejudicial effect. As we pointed out in *Pinkham*, the probative value referred to relates to the veracity of the witness, not to some predisposition on his part to commit a crime similar to the one with which he is charged.

■ This case is not one in which the testimony in question was offered as evidence of appellant's bad character. Such testimony is not admissible until the defendant puts his character in issue by introducing evidence of good character. Though defendant testified concerning his attempts to discipline the complainant, his testimony was offered to show animosity by her toward him. Thus, the probative value of his prior conviction must be determined solely by reference to its bearing on his general credibility.

The prior conviction for incest had little bearing on the likelihood that the appellant would testify untruthfully. On the other hand, the prejudice to him in the trial of this case was especially great because of the high degree of similarity between the crime of incest and the crime with which he was charged.

Two purposes lie behind the balancing test called for by Rule 609. First, the public has an interest in the fairness of trials which is served by application of evidentiary rules in a way that does not unjustifiably discourage witnesses, particularly defendants, from testifying. See *United States v. Jackson*, 405 F.Supp. 938, 942 (D.C.N.Y. 1975). The public interest in having the benefit of a defendant's testimony is especially strong in a case such as this one where the complainant and the accused were the only witnesses to the acts charged. Without the protection afforded by Rule 609 and the balancing of interests required by it, even a defendant who was innocent of the particular crime charged would decide not to testify rather than run the risk of having evidence of a prior conviction, especially one for a similar offense, used against him.

■ Second, in a case where the earlier conviction and the present charge are similar, the likelihood is substantially increased that the finder of facts will make improper use of the evidence of prior conviction, that is, will use it as evidence of defendant's disposition to commit the crime rather than his general lack of credibility. When the

1. Maine Rules of Evidence, Rule 609:

"(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence outweighs the prejudicial effect to the defendant."

earlier crime similar to the present charge did not involve dishonesty, its bearing on defendant's veracity is so tenuous that the fact-finder is likely to have difficulty in focusing on the limited purpose for which the evidence of it is offered. We recognized the problem in several cases before adoption of the Maine Rules of Evidence, *e. g., State v. Strollo,* Me., 370 A.2d 675 (1977); *State v. Gervais,* Me., 317 A.2d 796 (1974); *State v. Toppi,* Me., 275 A.2d 805, 810 n.5 (1971).[2] The difficulty was compounded in the present case by additional interrogation of the defendant eliciting testimony about the length of his prior sentence and the age of the former victim. See *United States v. Harding,* 525 F.2d 84, 88 (7th Cir. 1975); *Martin v. United States,* 404 F.2d 640, 642–43 (10th Cir. 1968).

The federal courts have addressed the same problem as it arises in the application of Rule 609 of the Federal Rules of Evidence on which the Maine rule is modeled. *See, e. g., United States v. Jackson,* 405 F.Supp. 938 (D.C.N.Y.1975). Chief Justice Burger had occasion to deal with the problem when he sat in the United States Court of Appeals in a case that arose before the Federal Rules of Evidence were adopted. He said,

> "A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly . . . ." *Gordon v. United States,* 127 U.S.App.D.C. 343, 347, 383 F.2d 936, 940 (1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

In the case before us there was strong similarity between the prior conviction for incest with a fifteen-year-old daughter and the present charge of indecent liberties with the 15½-year-old daughter of the woman with whom he had been living for several years. That similarity created a great likelihood that the evidence could be put to improper use by the jury. Indeed, it would be most difficult for a finder of fact to disregard the similarity. Rule 404 of the Maine Rules of Evidence, relating to admissibility of evidence of character, though not directly applicable in this case, clearly establishes the principle that an accused must be tried for the present crime and that evidence of past crimes will not be used to show he has a predisposition to commit crimes of that sort. That principle is necessary and desirable to avoid conviction of individuals because of their reputation or past history. See Commentary to Rule 404, Maine Rules of Evidence, in R. Field & P. Murray, *Maine Evidence* 67–71 (1976). That principle could be served in this case only by excluding evidence of the prior conviction.

■ A review of the factors to be considered in determining admissibility leads unavoidably to the conclusion that the trial court exceeded the limits of its discretion in its application of Rule 609. The appellant's prior conviction had little probative value with regard to his honesty as a witness. The public interest in encouraging defendants to testify was ill-served by subjecting this defendant to the admission of highly prejudicial evidence of an earlier conviction of a closely similar offense having little bearing on his veracity. The interrogation of appellant on cross-examination involved not only the fact of prior conviction but also details concerning duration of the sentence imposed and the age of the victim. In the circumstances the probative value of the

**2.** A party who proposes to offer evidence of prior conviction of a witness to be called by the adverse party is reminded of our admonition in *State v. Toppi,* Me., 275 A.2d 805, 813 (1971), that the question of its admissibility should be first presented to the presiding justice in the absence of the jury. A party who wishes to exclude evidence of prior convictions of his witness should seek such exclusion by a threshold motion. Among other things, such procedure avoids any question that the issue has been properly raised.

conviction cannot be reasonably viewed as outweighing the prejudice created by admitting the testimony. The trial court should not have admitted evidence of the conviction in this case.

The entry must be:

Appeal sustained.

Judgment vacated.

Remanded for new trial.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

POMEROY and WERNICK, JJ., and DUFRESNE, A. R. J., concurring.

DELAHANTY and ARCHIBALD, JJ., concurring in result.

DELAHANTY, Justice, with whom ARCHIBALD, J., concurs, concurring in result:

I agree with the majority that the appeal herein must be sustained. I do not believe, however, that it is necessary—in fact, in these circumstances it may be presumptuous for want of an articulated Rule 609 evaluation below—to reach the issue upon which the majority rests its reversal. With deference, I would rely on what appears to be prosecutorial "overkill."

True, our Maine Rules of Evidence recognize that within the limits of Rule 609, the prosecution may use evidence of a prior conviction to impeach the credibility of a defendant who testifies in his own behalf. Assuming, for the nonce, that the presiding Justice correctly ruled under M.R.Evid. 609 that the defendant could be impeached by evidence of a prior conviction, an issue that need not be reached, the State exceeded the permissible scope of cross-examination.

In *State v. Toppi,* Me., 275 A.2d 805 (1971), we suggested a permissible form of questioning on cross-examination when attacking a witness' credibility by evidence of a prior conviction.

> Are you the same . . . who was convicted of the crime of . . . in the Superior Court for . . . County on . . . . *Id.* at 813.

In the instant case, the prosecution did not so confine the cross-examination but also inquired into the length of the defendant's conviction. More egregiously, the question disclosed details of the crime including the relationship of the defendant to the female victim and her name and age. Given the circumstances of this case, the nature and breadth of such inquiry were highly improper and alone are sufficient to warrant a new trial.

Tangential questioning is considered impermissible for two reasons:

First, it leads to an unnecessary delay in the trial.

Second, it introduces extraneous and possibly prejudicial or inflammatory matters unrelated to the effort of properly discrediting the defendant as a witness. *Martin v. United States,* 404 F.2d 640 (10th Cir. 1968).

Although we have never intimated that the form of question approved in *State v. Toppi, supra,* is a shibboleth which must be blindly and precisely followed, in the absence of extenuating circumstances any substantial departure from inquiring about the name of the crime and the time and place of conviction is improper for the above-mentioned reasons. Accordingly, the gross departure by the prosecution from acceptable inquiry is quite sufficient to warrant reversal.