STATE of Maine

v.

Marshall CARMICHAEL.

Supreme Judicial Court of Maine.

Dec. 29, 1978.

John E. Welch, Dist. Atty., Richard L. Rhoda (orally), Asst. Dist. Atty., Houlton, for plaintiff.

Jordan & Goodridge by Donald H. Goodridge (orally), Houlton, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Defendant, Marshall Carmichael, was convicted of two counts of sodomy [1] following jury trial in Superior Court in Aroos-

1. 17 M.R.S.A. § 1001, since repealed by P.L.1975, c. 499, § 5.

took County.[2] He appeals from the judgment of conviction entered on the verdicts.

We sustain the appeal.

The alleged victim and chief prosecution witness was the Defendant's nephew, fourteen years old at the time of the alleged offenses. His testimony, if believed, was sufficient to show that Defendant committed the offenses on two separate occasions during the summer of 1975.

The Defendant presented as witnesses several family members whose testimony tended to show, *inter alia*, that at least one of the alleged offenses could not have occurred as averred, that the victim might have had a grudge against the Defendant, that the victim's reputation for truthfulness was not good, and that the victim's own sexual orientation, rather than the Defendant's was suspect.[3]

The defense culminated with the Defendant taking the witness stand on his own behalf to deny the charges. During cross-examination of the Defendant the following occurred:

Q. Do you know Donna Dean?

A. Yes, I do.

Q. Who is she?

A. Who is she?

Q. Yes.

A. Donna Dean.

Q. Is she related to you?

A. Somewhere back in the line, she is. Some distant cousin but I'm not sure just what she is to us.

Q. How old is she now?

A. I'm not sure.

Q. Younger than you?

A. Yes.

Q. Quite a bit younger?

A. Well, yes. I don't know just how much younger but she is younger.

Q. On January 3rd, 1972, were you found guilty by the Court of aggravated assault on Donna Dean?

[Counsel for the Defendant]: Objection, Your Honor, to the form of the question.

Court: Would counsel approach the bench.

BENCH CONFERENCE

[Counsel for the Defendant]: It is my understanding on this kind of testimony he may inquire if he has been convicted of an offense but not into the details of the offense.

Court: That's right and he has only asked if he was convicted on assault charges.

[Assistant District Attorney]: Correct. That's all I asked.

[Counsel for the Defendant]: You said assault on Donna Dean.

Court: I guess the reason he did it was to refresh his memory but you don't expect to examine any further?

[Assistant District Attorney]: No.

END OF BENCH CONFERENCE

Q. Were you convicted on the crime of assault and battery?

A. Yes.

Q. Thank you. No further questions.

Immediately the presiding justice gave a cautionary instruction on the effect of evidence of a prior conviction.

Rule 609, Maine Rules of Evidence, provides in pertinent part:

(a) For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility

---

2. A third count of the indictment, charging indecent liberties, was dismissed on motion of the State.

3. One theory of the defense was that the alleged victim had made advances toward the Defendant who rebuffed them, allegedly threatening to tell the victim's father. The defense sought to establish this as a motive for revenge accusations, and testimony that the victim had made advances to other male family members and had admitted to making advances to other men while hitchhiking was apparently offered in support of that theory.

shall depend upon a determination by the court that the probative value of this evidence outweighs the prejudicial effect to the defendant.

(b) Evidence of a conviction under this rule is admissible only if less than 15 years have transpired since said conviction or less than 10 years have transpired since termination of any incarceration period therefor, whichever is the later date.

It was implicit in this questioning that the State was relying upon Rule 609, but the questioning went beyond the fact of conviction. Indeed, the questioning of the Defendant on this point was improperly suggestive. *See State v. Roy*, Me., 385 A.2d 795, 798 (1978) and concurring opinion of Delahanty, J., *id.* at 799. Delving into the details of the victim's age and relationship by the prosecution was highly improper. The intent of the questioning seems to have been to suggest to the jury that the Defendant had been previously convicted of a similar offense. This was trial by reputation and past history, which it is the central policy of M.R.Evid. 609 to prevent. *Id.* at 798. The oblique suggestion that the Defendant had attempted some type of illicit contact with a young female relative was prosecutorial overkill.

Our Court has previously considered a case closely paralleling the situation here. In *State v. White*, Me., 217 A.2d 212 (1966), our Court ruled that improper questioning concerning a past conviction was manifest error, notwithstanding certain curative instructions, and our Court ordered a new trial. There the defendant was charged with the offense of sodomy. The defendant was asked whether he had been previously convicted of sodomy or moral degeneracy; in fact, the defendant had only been convicted of disorderly conduct, and he admitted his conviction of the latter offense. No objection was made at trial to the totally unfounded inquiries into other crimes; nevertheless, this Court restated the rule that relief might still be granted for error where "injustice would otherwise inevitably result." *Id.* at 213. This Court stressed that in prosecution for crimes of sex it was important to closely adhere to the rule limiting the use of prior convictions since, "Such acts are acts of darkness, and guilt will often rest upon the credibility of the person charged." *Id.* at 217.

The principles enunciated in *White* apply with equal vigor in the present case. The evidence of Defendant's conviction taken as whole, was highly improper and, in the context of this prosecution for sodomy, where the credibility of the Defendant's denial of the victim's assertions was the critical issue, such impeachment may have seriously prejudiced the Defendant's right to a fair trial.[4] *State v. White*, Me., 217 A.2d 212, 217 (1966). It is not a miscarriage of justice to convict a guilty man, but if he is convicted in a way inconsistent with the fairness and integrity of judicial proceedings, then this Court will invoke the plain error rule. 3 C. Wright, *Federal Practice and Procedure: Criminal* § 856, p. 200 Supp. (1978); *United States v. Vaughan*, 443 F.2d 92, 95 (2d Cir. 1971); *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555, 557 (1936).

4. The seriousness of the prejudice is the primary factor differentiating this case from our prior decisions, such as *State v. Pomerleau*, Me., 363 A.2d 692 (1976), where the error was in the jury instructions, not the evidence received, and where additional explanatory instructions were found sufficiently ameliorating and corrective, *id.* at 699, and *State v. Melvin*, Me., 390 A.2d 1024, 1032 (1978), where the evidence did not support the conclusion that the confession was, in fact, involuntary and thus failed to show any substantial prejudice.

In the case before us the presiding justice sought to alleviate the prejudicial effect of the improper evidence through a cautionary instruction. The damage, however, was done. It is extremely difficult for the jury to separate the various issues on which evidence may properly be considered. In the context of this prosecution, where credibility of the Defendant was a crucial issue, we cannot say that the unfairly prejudicial effect of this evidence was remedied by the curative instruction. *See State v. Gagnon*, 151 Me. 501, 121 A.2d 345 (1956); *State v. Amundsen*, 37 Wash.2d 356, 223 P.2d 1067 (1950); *cf. Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

■ There was manifest error,[5] highly prejudicial to the Defendant and inconsistent with basic fairness. It warrants a new trial.

Once again we remind counsel of the important lessons taught in *State v. Toppi*, Me., 275 A.2d 805, 813 (1971).[6] Recognition by trial counsel of the wisdom of presenting the proposed evidence of the witness' prior conviction to the presiding justice *in limine* and of adherence to the proper form of questioning on cross examination may well obviate future problems such as this.

The entry must be:

Appeal sustained.

Judgment set aside.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

---

**5.** In the context of manifest error we do not reach the balancing test which was recently discussed in *State v. Pinkham*, Me., 383 A.2d 1355, 1357–1359 (1978) and *State v. Roy*, Me., 385 A.2d 795, 797–799 (1978). Only when the evidence of a witness' prior conviction meets the threshold requirement of M.R.Evid. 609(a) is the prejudicial effect of that evidence to be weighed against such probative value as that evidence may have to establish a lack of veracity. In any event, it is only the fact of conviction, and not the details of the offense, which is admissible.

**6.** *See also State v. Grant*, Me., 394 A.2d 274 (1978).