**STATE of Maine**

v.

**Forrest A. ROWE.**

Supreme Judicial Court of Maine.

Jan. 29, 1979.

Henry N. Berry, III, Dist. Atty., John H. Montgomery, Asst. Dist. Atty. (orally), Peter G. Ballou, Deputy Dist. Atty., Jeffrey Albanese, Asst. Dist. Atty., Portland, for plaintiff.

Kettle & Carter, P. A. by Donald L. Carter (orally), Burt Kettle, Portland, for defendant.

Before McKUSICK, C. J., POMEROY, ARCHIBALD, DELAHANTY and GODFREY, JJ., and DUFRESNE, A. R. J.

POMEROY, Justice.

On July 13, 1977, defendant Forrest A. Rowe was indicted in the Superior Court, Cumberland County, on one count of theft

by receiving stolen property.[1] A jury trial ensued, culminating with a verdict of guilty. From the judgment entered on that verdict, defendant brings this appeal.

We deny the appeal.

Defendant presents two issues for our consideration. First, he argues that the trial Justice erred in ruling that the State was entitled to cross-examine him, should he take the stand, on his prior convictions for embezzlement and uttering a forged instrument. Second, he contends that the State failed to prove that the guns were operable at the time defendant received them, thereby reducing the crime from a Class B to a Class E offense. We find both contentions to be without merit.

The record would have warranted the jury finding the following facts. In early April, 1977, the Freeport residence of Donald Stilkey, Sr., was broken into and four guns were removed.[2] The weapons were subsequently wrapped in a blanket and buried in a shallow ditch near the dump road in Durham. Sometime thereafter, defendant and one Vaughn Jones,[3] with the thought of selling the guns, drove to Durham in defendant's truck and retrieved the weapons. After an unsuccessful attempt to sell the guns to Jones' brother-in-law, the two men proceeded to a party being given by defendant's girl friend. Several hours later, Jones, having transferred the guns to his car, left the party with his then current girl friend, Ramona Irish, and proceeded to the home of Walt Trainer in Yarmouth. Still anxious to sell the guns, Jones persuaded Ralph MacMahon, also present at the Trainer house, to *"loan"* him thirty-five dollars in exchange for one of the rifles. Unable to arrange any further transactions and apparently uneasy at the prospect of travelling with the remaining guns, Jones hid them in a wood pile behind Trainer's house.

While the weapons were concealed in Yarmouth, defendant and Jones became the focal points of the Freeport Police Department's investigation into the whereabouts of the guns. Following several interrogation sessions, during which he was informed of the severity of the crime under investigation, Jones became nervous about the placement of the weapons. That nervousness, coupled with defendant's advice that *"the cops [can't] do anything to us if they [can't] find the guns,"* prompted Jones to return to Falmouth, retrieve the weapons and dispose of them in the Royal River. Subsequent efforts by the police to recover them proved fruitless.

At trial, defense counsel sought a preliminary ruling as to the admissibility of evidence concerning defendant's prior convictions for theft by embezzlement and uttering a forged instrument. *See State v. Toppi*, Me., 275 A.2d 805 (1971). After temporarily dismissing the jury, the presiding Justice heard arguments from both sides concerning the propriety of allowing such testimony. As is was late in the day, the trial Justice made a preliminary ruling that the testimony would not be allowed, but urged counsel to re-read the relevant cases dealing with Rule 609, M.R.Evid., especially *State v. Pinkham*, Me., 383 A.2d 1355 (1978), and cautioned them that he would make a final ruling immediately before trial resumed the following morning. At that

---

1. 17–A M.R.S.A. § 359 (Supp.1977), which states:

   *1. A person is guilty of theft, if he receives, retains or disposes of the property of another knowing that it has been stolen, or believing that it has probably been stolen, with the intention to deprive the owner thereof.*
   *2. As used in this section, "receives" means acquiring possession, control or title, or lending on the security of the property. For purposes of this section, property is "stolen" if it was obtained or unauthorized control was exercised over it in violation of this chapter.*

2. Donald Stilkey, Sr., testified that the four guns removed were a 38–55 Winchester rifle with an octagonal barrel, a 30–30 Marlin rifle, a single shot .22 rifle and a double barrel 12-gauge shot gun.

3. Vaughn Jones was originally indicted as a codefendant. The record reflects, however, that in return for his testimony against defendant at trial, all charges against him were dismissed.

time the presiding Justice reversed his earlier ruling and held that the State could, for impeachment purposes only, cross-examine defendant on his prior record. Defendant thereupon chose not to take the stand. He now argues that the trial Justice erred in refusing to exclude testimony concerning his prior record.

Rule 609(a), M.R.Evid., provides that

> [for] the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a determination by the court that the _probative value of this evidence outweighs the prejudicial effect to the defendant._ (emphasis added.) [4]

In making his determination, the presiding Justice evidenced a clear understanding of the relevant factors to be considered in balancing the probative value of the testimony against its possible prejudicial effects to defendant. In fact, he went into considerable detail in explaining his decision to counsel. Defendant, however, presses two grounds upon which he contends the ruling was erroneous. First, he argues that our decisions in _State v. Pinkham, supra_ and _State v. Roy_, Me., 385 A.2d 795 (1978) mandate a finding that the prejudicial effect of testimony concerning the prior convictions for embezzlement and uttering a forged instrument, in light of the present charge of receiving stolen firearms, outweighs its probative value. We disagree.

In both _Pinkham_ and _Roy_, the State sought to impeach the defendant through the admission of evidence concerning prior convictions. As defendant correctly points out, we found both attempts to be improper uses of Rule 609 and therefore sustained the appeals. Those cases are, however, clearly distinguishable from that now before us. In each instance, the State sought to introduce evidence of convictions either identical to, or closely analogous to, that for which defendant was then being tried.[5] Such is clearly not the case here. Furthermore, in _Pinkham_, the trial Justice misconstrued the phrase _"probative value"_ to mean probative value concerning predisposition to commit the crime then under consideration, rather than probative value of the evidence as establishing lack of veracity. Herein, the trial Justice specifically stated _"I feel the probative value of the uttering conviction and the embezzlement conviction has bearing upon the defendant's voracity_ [sic] _as opposed to his predisposition to commit the crime for which he is here on trial outweighs the prejudicial effect."_ Finally, in _Roy_, it appeared that the prosecutor had improperly probed into the factual details surrounding the crime involved in the prior conviction.[6] Again, such is not the situation here.

Further distinguishing this case from those relied on by defendant, is the nature of the offenses underlying the prior convictions. In both _Pinkham_ and _Roy_, defendant's prior crimes were only tangentially related to the veracity of defendant's testimony. In the present case, the prior convictions were for embezzlement and uttering a forged instrument. As we noted in _State v. Toppi, supra, "acts of deceit, fraud, cheating, or stealing_ . . . _are universally regarded as conduct which reflects adversely on_ . . . _honesty and integrity."_ 275 A.2d at 810, n.5. _See also, State v. Gervais, supra._ Clearly, embezzlement and uttering fall within those categories.

---

**4.** Defendant concedes that each of his prior convictions fall within one of the subsections of Rule 609(a).

**5.** In _Pinkham_, the prosecution sought to introduce evidence of defendant's prior convictions for rape, exactly the same crime for which he was being tried. In _Roy_, the State questioned defendant, who was then on trial for taking indecent liberties, about his prior conviction for incest.

**6.** For a more detailed discussion of _State v. Roy, see State v. Carmichael_, Me., 395 A.2d 826 (1978) and _State v. Gervais_, Me., 394 A.2d 1183 (1978).

■ Defendant asserts as a second ground for excluding evidence concerning his prior convictions, the allegation that the trial Justice erred in assuming the content of defendant's prospective testimony. Such an erroneous assumption, defendant argues, distorted the delicate balancing necessary for a valid evidentiary ruling.

At the heart of defendant's contention is the statement by the trial Justice that

*[t]his is not a one on one situation where one person has testified one way and the defendant would testify the other. The defendant's testimony will most likely be that he had no knowledge of the guns and never had any contact with them; but, there has already been presented other defense witnesses who testified to this effect and have already made this point fairly clear from a defense point of view.*

Defense counsel made no attempt to correct the trial Justice, nor did he make an offer of proof. He now argues that the trial Justice should have, on his own initiative, requested an offer of proof before rendering a decision. In support of his position, defendant cites *United States v. Oakes,* 565 F.2d 170 (1st Cir. 1977). Therein the court was asked to rule that whenever the district court possesses what is deemed to be sufficient information to enable it to weigh the prejudicial effect of a prior conviction against the probative value of such evidence, it must make an advance ruling on the issue of admissibility.[7] Although declining such an invitation, the court stated that

*[t]he balancing problems faced by the court can be minimized by attempting to ascertain in advance what it needs to know about defendant's likely testimony and other relevant information. Defendant could be asked to state the substance*

*of his testimony in advance.* 565 F.2d at 171.

Although we fully agree that prior knowledge of the substance of a defendant's testimony may be an aid to the trial Justice in his efforts to weigh the probative value of the evidence against its prejudicial effects, we are unwilling to place the onus on the court to elicit from a defendant the nature of his prospective testimony. The very act of making a motion for a preliminary ruling pursuant to Rule 609, M.R.Evid., is testimony to an attorney's knowledge of the different interests a trial Justice must consider in making a ruling. We find little difficulty in placing on counsel the burden of bringing to the Court's attention the substance of testimony which may weigh in that party's favor.

Even assuming that the trial Justice in this case misstated the substance of defendant's testimony, an issue unresolvable due to defendant's failure to take the stand, we are unable to say that the trial Justice abused his discretion in ruling that the prosecution was entitled to cross-examine defendant on his two prior convictions. Defendant's first contention must therefore fail.

■ Defendant raises as his second point on appeal the argument that the State failed to prove beyond a reasonable doubt the operability of the weapons at the time defendant received them. Therefore, defendant argues, he could only have been convicted of a Class E crime (17–A M.R. S.A. § 362(5)[8]) rather than a Class B crime (17–A M.R.S.A. § 362(2)(B)).[9]

At trial, Donald Stilkey, Sr. testified that to the best of his knowledge all the guns were *"operable"* at the time they were stolen. Subsequent testimony revealed that the weapons were wrapped in a blanket and buried in a shallow ditch before being re-

---

7. As noted above, this Court has already dealt with that issue in *State v. Toppi, supra.*

8. 17–A M.R.S.A. § 362(5) states:
   *Theft is a Class E crime if the value of the property or services does not exceed $500.*
   Defendant argues that because there was no evidence dealing with the value of the weap-

ons, they must be considered to have a value under $500.

9. 17–A M.R.S.A. § 362(2) states:
   *"Theft is a Class B crime if:*
   *(B) The property stolen is a firearm or an explosive device."*

trieved by defendant and Vaughn Jones. Such testimony, defendant argues, is insufficient for a jury to find, beyond a reasonable doubt, that the guns were operable at the time they were recovered by defendant.

We disagree.

We recently addressed a similar argument in *State v. Millett*, Me., 392 A.2d 521 (1978), where we said that *"[o]nce the jury was satisfied beyond a reasonable doubt that the offending object was actually a firearm, it could equally conclude, in the absence of any evidence suggesting inoperability, that the weapon was operable."* *Id.* at 527. We went on to state that *"[t]he defense of inoperability will enter the case as an issue only if and when substantial evidence bearing on that issue is introduced . . . ."* *Id.* at 528. (emphasis added)

In the instant case, the only evidence bearing on the issue of inoperability was the testimony that the weapons were wrapped in a blanket and buried for an undetermined period. Even assuming that such evidence is *"substantial"*, thereby generating an issue for the jury, *id.*, defendant cannot prevail. The presiding Justice on two occasions instructed the jury on the issue of operability. When it returned a verdict of guilty, it found by implication that the weapons were operable at the time defendant received them. We can find no reason for upsetting that finding.

The entry must therefore be:

Appeal denied.

Judgment affirmed.

WERNICK and NICHOLS, JJ., did not sit.