**STATE of Maine**

**v.**

**Richard POTTIOS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1989.
Decided Sept. 22, 1989.

Mary Tousignant, Dist. Atty., Anne Jordan, Asst. Dist. Atty., Alfred, for the State.

Joel Vincent, Scarborough East Professional Offices, Scarborough, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, Richard Pottios, appeals from his convictions of aggravated assault, 17–A M.R.S.A. § 208(1)(A) (1983), and criminal mischief, 17–A M.R.S.A. § 806(1)(A) (1983), after a jury trial in Superior Court (York County, *Lipez, J.*). The charges were based on Pottios's beating of Donald Clark and his smashing of a car windshield with a tire iron or iron pipe in Old Orchard Beach. Pottios contends that the court abused its discretion in granting the State's motion *in limine* to impeach Pottios's credibility by a prior conviction of rape. Pottios further contends that the evidence is insufficient to support his conviction on the charge of aggravated assault. We affirm the judgment.

■ The *in limine* ruling, made just prior to the commencement of trial,[1] and over the objection of Pottios, allowed the State to introduce Pottios's 1988 rape conviction in the event Pottios chose to testify. Pottios did not testify at trial, nor did he at any time make an offer of proof as to what he would have testified to.

M.R.Evid. 609 permits the fact of prior conviction of certain crimes to be introduced for the purpose of impeaching the credibility of a witness.[2] Because the crime of rape is "punishable ... by imprisonment for one year or more," and thus falls within the terms of Rule 609, the court's ruling that the prior conviction would be admissible is reviewable under an abuse of discretion standard. *State v. Spearin*, 428 A.2d 381, 382 (Me.1981).

Pottios claims that he was improperly deprived of a jury instruction on self-defense,[3] evidence of which he claims would have been generated by his testimony had he chosen to testify. Pottios, however, made no offer of proof as to what his testimony would have been to aid the court in balancing the probative value of the evidence of the prior rape conviction against its prejudicial effect on him. Depending on the circumstances of a case, that testimony can be crucially important to the court's determination of admissibility. *United States v. Oakes*, 565 F.2d 170, 171 (1st Cir.1977); *State v. Rowe*, 397 A.2d 558, 560–61 (Me.1979); Field & Murray, *Maine Evidence* § 609.1, at 228 (2d ed. 1987). The balancing that the court is required to make under Rule 609 places the burden on a defendant to demonstrate the value of his testimony. *Rowe*, 397 A.2d at 561; Field & Murray § 609.5, at 228. Pottios made no such effort to meet that burden.

Pottios argues that evidence of conviction of a crime not involving intentional dishonesty has less probative value on credibility than conviction of a crime directly involving dishonesty, and that evidence of conviction of a sex crime can be highly prejudicial to a defendant. *See* Field & Murray § 609.1, at 225. In this case, however, where Pottios made no attempt to inform the court as to the nature and importance of his testimony, we cannot say that the court " '[ ]either misinterpreted M.R.Evid. 609(a), thereby applying an erroneous standard of law, [ ]or abused [its] discretion in admitting ... evidence of a prior conviction.' " *State v. Hanscome*, 459 A.2d 569, 572 (Me.1983) (quoting *Spearin*, 428 A.2d at 382).

■ Pottios also contends that his conviction of aggravated assault under 17–A

---

**1.** Motions *in limine* to determine prior to trial the extent to which prior convictions may be used to impeach the credibility of a defendant, should the defendant choose to testify, are encouraged. *See United States v. Oakes,* 565 F.2d 170, 171 (1st Cir.1977); *see also State v. Toppi,* 275 A.2d 805, 813 (Me.1971).

**2.** M.R.Evid. 609(a) provides as follows:
  **(a) General rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year

or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence outweighs the prejudicial effect to the defendant.

**3.** *See* 17–A M.R.S.A. §§ 101, 108 (1983). The court ruled that the evidence generated at trial did not justify the giving of the instruction. Pottios does not challenge that ruling on the evidence in the record.

M.R.S.A. § 208(1)(A) cannot stand because there was insufficient evidence of "serious bodily injury." [4] There was evidence that Pottios repeatedly struck the victim in the head with a crowbar or tire iron, causing a cerebral concussion. The victim was hospitalized for two days and showed signs of nystagmus, a symptom of significant brain injury; he required twenty-eight stitches and his ear was split open; he suffered from headaches for nearly five months and has permanent scars on his forehead and hand. The jury rationally could have found every element of aggravated assault beyond a reasonable doubt. *State v. Barry*, 495 A.2d 825, 826 (Me.1985); *State v. Colomy*, 407 A.2d 1115, 1119–20 (Me.1979).

The entry is:

Judgment affirmed.

All concurring.

Francis J. Hallissey (orally), William Talbot, Talbot & Talbot, Machias, for plaintiff.

John Ballou (orally), Mitchell & Stearns, Machias, for U.S.F. & G.

John McCarthy, Rudman & Winchell, Bangor, for Malloch.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

---

**4.** 17–A M.R.S.A. § 208(1)(A) (1983) provides as follows:
  1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:
  A. Serious bodily injury to another....
  *17–A M.R.S.A. § 2(5)* provides as follows:
  5. "Bodily injury" means physical pain, physical illness or any impairment of physical condition.

17–A M.R.S.A. § 2(23) provides as follows:
  23. "Serious bodily injury" means a bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or loss or substantial impairment of the function of any bodily member or organ, or extended convalescence necessary for recovery of physical health.