1997 ME 8

**Harold WHITE, et al.**

v.

**Nickey ZELA, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 15, 1996.

Decided Jan. 10, 1997.

Ricky L. Brunette, Portland, for plaintiffs.

Joseph V. Lenkowski, Scaccia, Lenkowski and Aranson, Sanford, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Harold White and Claire White appeal from the judgment entered in the Superior Court (York County, *Fritzsche, J.*), affirming the modified judgment of the District Court (York, *Humphrey, J.*) affecting the parties' right-of-way and the location of their common boundary with Nickey Zela and Marguerite Zela. The Whites contend that the court erred in determining the width of the former railroad right-of-way that is the common boundary between the properties. We are unpersuaded by the Whites' contentions and affirm the judgment.

[¶ 2] The evidence discloses that the Whites and the Zelas own adjacent properties in York. After a somewhat complicated and unusual procedural history resulting from the merger of the law practices of the original attorneys in this case, the District Court granted in part and denied in part the Whites' motion for relief from judgment following a dispute as to whether the judgment previously entered accurately reflected a settlement the terms of which had been placed on the court record. The Whites challenged that order and the revised judgment in their appeal to the Superior Court. After the court affirmed the order and revised judgment, the Whites filed this appeal.

[¶ 3] The Whites challenge the determination by the trial court that the width of the former railroad right-of-way is thirty-three feet. It is well established in Maine that what the boundaries are is a question of law, but the location of the boundaries on the face of the earth is a question of fact. *Rhoda v. Fitzpatrick*, 655 A.2d 357, 359 (Me.1995) (citing *Dupont v. Randall*, 648 A.2d 437, 438 (Me.1994)). The finding of a trial court on the location of boundary lines will not be disturbed unless clearly erroneous. *Id.* at 360. (citation omitted). A trial court's factual determinations are "clearly erroneous" only if there is no credible evidence on the record to support them, or if the court bases its findings of fact on a clear misapprehension of the meaning of the evidence. *Id.* (citation omitted). Moreover, the weight to be given disputed evidence, including that of opinion evidence by surveyors, is for the factfinder. *Liebler v. Abbott*, 388 A.2d 520, 522 (Me.1978). When the Superior Court acts as an intermediate appellate court, we directly review the decision of the trial court. *Casco Northern Bank v. Estate of Grosse*, 657 A.2d 778, 780 (Me.1995).

[¶ 4] In the present case, the court heard the competing views of two expert witnesses, the Zelas' expert, Richard Parker, and the Whites' expert, Thomas McCullom, as to the width of the right-of-way forming the easterly boundary of the Zelas' property. The experts both agreed that the easterly boundary of the Zelas' property was the centerline of the former railroad right-of-way. Their disagreement focused entirely on the width of the right-of-way. Parker, who con-

cluded that the right-of-way was thirty-three feet, testified that his survey was based on a standard boundary survey prepared from research that included, *inter alia,* work at the Registry of Deeds, at the assessor's office, and a review of unrecorded surveys from other surveyors. McCullom, the Whites' expert, relied primarily on a deed granting an eighteen foot right-of-way to conclude that eighteen feet was the appropriate width. The court's determination that the right of way is thirty-three feet and its location of the boundary line on the face of the earth is amply supported by the evidence and is not clearly erroneous.

The entry is:

Judgment affirmed.