1997 ME 234

**Richard POTTIOS**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1997.

Decided Dec. 30, 1997.

Jeffrey W. Langholtz (orally), Biddeford, for petitioner.

Michael P. Cantara, District Attorney, David D. Gregory, of counsel (orally), Alfred, for State.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

[¶ 1] Richard Pottios appeals from the judgment entered in the Superior Court (York County, *Bradford, J.*) denying his petition for post-conviction review of his conviction for aggravated assault and criminal mischief. As the basis for his petition, Pottios asserts that at trial he was denied his right to testify and he received ineffective assistance of counsel. Because Pottios elected not to testify and suffered no prejudice as a result of his trial counsel's actions, we affirm.

[¶ 2] Pottios was tried in the Superior Court (*Lipez, J.*) on charges of aggravated assault (Class B) in violation of 17–A M.R.S.A. § 208 and criminal mischief (Class D) in violation of 17–A M.R.S.A. § 806. Prior to trial, the court ruled that the defendant's prior conviction for rape would be admissible for the purpose of impeachment pursuant to M.R. Evid. 609.[1] Pottios did not testify at trial and he was convicted on both charges.

[¶ 3] On direct appeal we rejected the challenge of that ruling, stating that "[t]he balancing that the court is required to make under Rule 609 places the burden on a defendant to demonstrate the value of his testimony [and] Pottios made no such effort to meet that burden." *State v. Pottios*, 564 A.2d 64, 65 (Me.1989). We went on to state that because "Pottios made no attempt to inform the court as to the nature and importance of his testimony, we cannot say that the court [ ]either misinterpreted M.R. Evid. 609(a), thereby applying an erroneous standard of law, [ ]or abused [its] discretion in admitting ... evidence of a prior conviction." *Id.* (citation and quotation omitted).

[¶ 4] In his petition for post-conviction review, Pottios claims that his trial counsel did not allow him to testify and that his trial counsel's failure to make the offer of proof during the hearing on the motion *in limine* deprived him of the opportunity for appellate

---

1. M.R. Evid. 609(a) states:

    (a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a specific crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which the witness was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence upon witness credibility outweighs any unfair prejudice to a criminal defendant or to any civil party.

review. Pottios, his trial counsel, and the trial justice testified during two days of hearings on the post-conviction review petition. The court denied Pottios's petition.

## I.

### Defendant's Right to Testify

[¶ 5] The post-conviction court found that trial counsel discussed with Pottios whether he should testify, that counsel advised him not to do so, and that Pottios agreed to follow counsel's advice. We review such findings of fact for clear error. *White v. Zela*, 1997 ME 8, ¶ 3, 687 A.2d 645, 646. "A trial court's factual determinations are 'clearly erroneous' only if there is no credible evidence on the record to support them, or if the court bases its findings of fact on a clear misapprehension of the meaning of the evidence." *Id.* (citations omitted).

[¶ 6] Pottios's trial counsel testified at the post-conviction hearing that he discussed with Pottios whether or not Pottios should testify at trial and that Pottios made the ultimate decision not to do so. Pottios testified that his trial counsel did not allow him to testify at trial. He stated, however, that he knew it was his right to testify and that at a previous trial he had testified against the advice of counsel. Pottios also acknowledged that his recollection of events around the time of the trial was poor and that he may have discussed with trial counsel whether or not to testify in his own behalf.

[¶ 7] The weight to be given disputed evidence is a determination for the factfinder. *White v. Zela*, 1997 ME 8, ¶ 3, 687 A.2d at 646 (citations omitted). Although there was conflicting evidence from Pottios and his trial counsel at the post-conviction hearing, the record contains adequate support for the finding that Pottios elected not to testify.

## II.

### Ineffective Assistance of Counsel

[¶ 8] Pottios asserts that because of the ineffective assistance provided by his trial counsel, he was deprived of the opportunity to present an essential issue for appellate review. In particular, he asserts that he was unable on direct appeal to have this Court review the trial court's ruling pursuant to

M.R. Evid. 609(a) because of his counsel's failure to make the offer of proof.

[¶ 9] Trial counsel's performance is ineffective when (1) the attorney's performance is below that of an ordinary fallible attorney and (2) that substandard performance deprives the defendant of a substantial defense. *State v. Brewer*, 1997 ME 177, ¶¶ 15–18, 699 A.2d 1139, 1143–44; *see also Lang v. Murch*, 438 A.2d 914, 915 (Me.1981). The United States Supreme Court has suggested that in applying this test, it may be appropriate to begin with the question of prejudice to the defendant:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984).

[¶ 10] Adopting this approach, we begin by determining whether Pottios suffered any prejudice as a result of his trial counsel's failure to make the offer of proof. We were unable on direct appeal to review the trial court's application of M.R. Evid. 609(a) precisely because of counsel's failure. We now have before us the content of what would have been Pottios's testimony had he testified at trial and the post-conviction court's finding that an offer of proof would not have resulted in a different ruling by the trial court. On the present record, we now determine that the trial court's ruling was within its sound discretion. Consequently, Pottios suffered no prejudice. Having determined that Pottios suffered no prejudice as a result of his counsel's failure to make an offer of

proof, it is unnecessary for us to determine whether the attorney's performance was below that of an ordinary fallible attorney.

The entry is:

Judgment affirmed.