STATE OF MAINE
PENOBSCOT, SS.

FILED AND ENTERED
SUPERIOR COURT

JUL 1 7 2000

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. AP-99-25
JLH - PEN - 7/17/2000

Nancy A. Harding,
          Plaintiff/Appellee


          v.                              **ORDER ON APPEAL**


Wal-Mart Stores, Inc.,
          Defendant/Appellant


The defendant, Wal-Mart Stores, Inc., appeals from a judgment entered in the District Court (Stitham, J.) ordering it to disclose to the plaintiff, Nancy A. Harding, certain information gathered during the course of an investigation, and ordering it to pay a penalty and attorney's fees, all pursuant to 26 M.R.S.A. § 631.

Harding was an employee of Wal-Mart. On February 14, 1997, a representative of Wal-Mart's loss prevention division conducted an investigation into Harding based on allegations that she had removed some store merchandise without authorization. The investigation included interviews of witnesses, who also submitted written statements. It also included an interview of Harding herself. As part of that process, she made a written statement. As the result of the investigation, on February 14, 1997, Wal-Mart terminated Harding's employment.

Within several days of her termination, Harding made a verbal request for her personnel record. Approximately one week later, Harding was given access to and made copies of documents that did not include the

1

written statements (including her own statement) generated by the February 14 investigation. It also did not include a letter that Harding wrote to Wal-Mart on February 16, 1997. Rather, those documents included her application for employment, some job evaluations and a form explaining the reason for her termination.[1] In September 1998, Harding submitted a written request for her employment records. This request specifically sought, among other things, the investigation records. Wal-Mart then provided Harding with a document that did not include any information regarding the investigation. Wal-Mart also wrote separately to Harding's counsel, indicating that it had already provided her with a copy of her personnel file. One month later, Harding's attorney repeated the request for the entire file. There was no response, and Harding commenced this action in November 1998. In its responsive pleading, Wal-Mart denied Harding's allegations that it had failed to comply with the provisions of section 631. Then, in January 1999, Wal-Mart's counsel provided Harding with copies of her own February 14 and February 16 written statements.

The investigative records at issue here were not physically included with the Wal-Mart file that contained documents related to income data and other information unrelated the allegation of unauthorized property removal. The witness statements and other material associated with that investigation are maintained by the investigator at his residence, although the investigator forwarded copies of those documents to Wal-Mart's corporate office in Arkansas.

---

[1] The only information in that form explaining the reason for her termination was the "unauthorized removal of company property."

2

Following a trial, the District Court ruled that the investigative records constituted a part of Harding's personnel file with Wal-Mart and ordered the employer to disclose that material to her. The court further concluded that Wal-Mart's failure to provide Harding with access to that material in response to her requests in September, October and November 1998 (the latter request taking the form of the complaint) was not supported by good cause. The court therefore ordered a civil forfeiture of $500 and payment of Harding's attorney's fees.

The issue presented here is whether the investigative records constitute personnel records within the meaning of 26 M.R.S.A. § 631 and are thus subject to disclosure to the employee under that provision.

Statutory interpretation is a matter of law. Estate of Spear, 1997 ME 15, ¶ 6, 689 A.2d 590, 591. The trial court's decision on a matter of law is reviewed de novo. Id. "The fundamental rule in statutory construction is that words must be given their plain ordinary meaning." Id., 1997 ME 15, ¶ 7, 689 A.2d at 591. In interpreting a statute, moreover, this court reads the plain meaning of the statutory language in order to give effect to the intent of the legislature. Id. "'[W]hen the meaning of the statute is clear, there is no need to look beyond the words, unless the result is illogical or absurd.'" Id., 1997 ME 15, ¶ 7, 689 A.2d at 592.

In pertinent part, section 631 provides:

> The employer shall, upon written request from an employee or former employee, provide the employee, former employee or duly authorized representative with an opportunity to review and copy the employee's personnel file if the employer has a personnel file for that employee. The reviews and copying must take place at the location where the personnel files are maintained and during normal office hours. . . .For purposes of this section, a personnel file includes,

3

but is not limited to, any formal or informal employee evaluations and reports relating to the employee's character, credit, work habits, compensation and benefits and nonprivileged medical records or nurses' station notes relating to the employee that the employer has in the employer's possession. . . .Any employer who, following a request pursuant to this section, without good cause fails to provide an opportunity for review and copying of a personnel file, within 10 days of receipt of that request, is subject to a civil forfeiture of $25 for each day that a failure continues. The total forfeiture may not exceed $500. An employee, former employee or the Department of Labor may bring an action in the District Court of the Superior Court for such equitable relief, including an injunction, as the court may consider to be necessary and proper. The employer may also be required to reimburse the employee, former employee or the Department of Labor for costs of suit including a reasonable attorney's fee if the employee, former employee or the department receives a judgment in the employee's or department's favor, respectively.

By the plain language of this statute, an employer's obligation to disclose is broad and comprehensive. The statute identifies specific types of documents that an employee is entitled to review and copy upon written request. This material ranges from financial issues to characterological issues to medical issues. Further, the plain language of the statute makes clear that these specific categories of material are not exclusive. Rather, the statutory conception of a "personnel file" is not limited in that way. Such files include but are "not limited to" those types of documents.

Indeed, the last sentence of section 631 establishes certain categories of documents that are exempt from the disclosure requirement. These are the only statutory limitations on the employer's duty to disclose under

4

section 631. None of those categories is implicated here.[2] The existence of these limitations on disclosure is important here, because it confirms that the legislature intended to create some boundary on employees' access to their files. The legislature chose not to impose the type of restriction urged here by Wal-Mart. The court thus views this omission as purposeful.

Further, as Wal-Mart has noted in its brief on appeal, several other jurisdictions have crafted statutory limits that would eliminate an employer's obligation to disclose the type of material at issue here. This is an additional signal that the Maine legislature, which could have followed the path taken elsewhere, deliberately chose not to do so.

Wal-Mart has advanced several creditable observations that would justify a conclusion that it should not be required to give Harding access to the investigative material. It argues, for example, that witnesses would be less inclined to provide information to investigators if they knew that the subject employee could gain access to that information merely by written request. Wal-Mart also points out that under Harding's construction of section 631, an employee could gain that access even while the investigation was ongoing. Neither of these points is without flaw.[3] However, it cannot be this court's function to redraft a statute that

---

[2]Materials protected from disclosure are those privileged or otherwise protected under concepts of civil discovery (M.R.Civ.P. 26) and evidentiary privilege (M.R.Evid. 501-513).

[3]For example, one could also argue that a witness might be more inclined to give a truthful account of events if the witness knew that the subject employee would learn of that information. This awareness of disclosure might enhance accountability and thus credibility.

establishes broad rights of access, and it cannot be this court's function to add limitations to those expressly included by the legislature. These policy considerations seem more properly addressed to the legislature itself.

Wal-Mart's arguments are further diluted by its observation, made at oral argument, that even if section 631 did not require an employer to reveal the materials that Harding seeks here, an employee or former employee could obtain those documents through other means. For example, if a former employee were to bring an action for wrongful termination, the former employee-plaintiff could request and obtain the investigative material through conventional discovery channels. Thus, the prejudice that Wal-Mart asserts as the basis for its argument here would arise in those circumstances anyway.

Finally, section 631 is not rendered inapplicable by Wal-Mart's administrative practice of maintaining investigative records at a location separate from the employee's other personnel records and by its characterization of the former as something other than a "personnel file." The analysis under section 631 requires consideration of the substantive issues rather than record-keeping protocol.

The court thus concludes that the trial court did not err in finding, as a matter of law, that the investigative reports generated by Wal-Mart are not protected from disclosure under section 631.

Wal-Mart also challenges the trial court's order that its non-disclosure was without good cause and that, as a consequence, it is subject to a civil forfeiture. Wal-Mart raised this issue at oral argument but did not argue the issue in its brief. The issue is therefore waived. Even if Wal-Mart had preserved the issue for appellate review, its contention

would fail. The court's finding that good cause did not exist was factual, and it is reviewable for clear error. A trial court's factual determinations are "clearly erroneous" only if there is no credible evidence on the record to support them, or if the court bases its findings of fact on a clear misapprehension of the meaning of the evidence. White v. Zela, 1997 ME 8, ¶ 3, 687 A.2d 645, 646. Here, at the very least, the court was entitled to conclude that Wal-Mart's prolonged failure to give Harding access to her own statements was without good cause. The concerns raised by Wal-Mart on this appeal do not reach statements made by the former employee herself. Thus, even without reaching Wal-Mart's oral argument that its decision not to release all of the investigative materials was the result of a good faith analysis of its statutory obligation, the court's assessment of a civil forfeiture was not clearly erroneous.[4]

The entry shall be:

For the reasons set out in the order dated July 17, 2000, the appeal is denied. This matter is remanded to District Court for assessment of attorney's fees pursuant to 26 M.R.S.A. § 631.

Dated: July 17, 2000

_____
JUSTICE, SUPERIOR COURT

---

[4] Similarly, because it was not preserved, there is no need to address the question of whether the trial court erred in finding that Wal-Mart's duty to disclose was triggered with Harding's February 1997 request for access to her personnel file. That request appears to have been verbal. The statute, however, requires a "written request." Even if the issue were preserved here, the court also found that Harding made several requests in the fall of 1998 and that Wal-Mart did not provide her with copies of her own statement until January 1999. These circumstances would support the forfeiture and the underlying finding.

7

'Date Filed __MAY 28, 1999__ __PENOBSCOT__ Docket No. __AP-99-25__

County

Action ___CIVIL-DISTRICT COURT APPEAL___ JUSTICE MARSANO
~~Assigned to Justice Francis C. Marsano~~ RECUSED 5/17/2000

Justice Jeffrey L. Hjelm, Specially Assigned 5/24/00

| NANCY A. HARDING | Appellee | | vs. | WAL-MART STORES, INC | Appellant |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Janet Mills, Esq.<br>PO Box 9<br>Skowhegan, ME 04976 | Mark V. Franco, Esq.<br>Thompson and Bowie<br>P.O. Box 4630<br>Portland, ME 04112 |

| Date of Entry | |
|---|---|
| 5/28/99 | Appeal from District Court, District Three, Division of Western Penobscot, Newport, Me. (#NEW98CV#108)  The following papers were received and filed:<br><br>1. Summary sheet with Complaint, and Summons with Service on Defendant.<br>2. Answer to Plaintiffs' Complaint.<br>3. Request from Plaintiff's attorney for hearing.<br>4. Notice of Hearing<br>5. Judgment and Order signed by Court.<br>6. Notice of Appeal to Superior Court filed by Defendant's Attorney<br>7. Request by Defendant's Attorney for Transcript of Electronic Sound Recording<br>8. Tape Transcript Order filed by Defendant's Attorney<br>9. Affidavit of Janet T. Mills in Support of Attorney's Fees and Costs<br>10. Original transcript of 2/11/99 District Court Hearing (Stitham, J.)<br>11. Attested copy of District Court Docket Entries<br>12. Miscellaneous correspondence<br>13. Plaintiff's Exhibits (1-7) from Hearing of 2/11/99 |
| 6/16/99 | Notice and Briefing Schedule - 76G Appeal of District Court Civil Action - forwarded to attorneys of record. |
| 7/23/99 | Brief of Appellant filed by attorney of reocrd. |
| 8/24/99 | Brief of Appellee Nancy Harding filed. |
| 9/9/99 | Reply Brief of the Appellant Filed. |