STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-02-11

Gary Taylor Electrician,
        Plaintiff/Appellee

v.

Order on Appeal

DONALD L. GARBRECHT
LAW LIBRARY

MAR 1 7 2003

Steve O'Halloran,
        Defendant/Appellant

Steve O'Halloran appeals from a judgment entered against him on this small claims action in the District Court (Ellsworth, Staples, J.). The court found O'Halloran liable to Gary Taylor in the amount of $651.23. O'Halloran has filed a brief on this appeal. Taylor failed to do so. The court has considered O'Halloran's written argument and the transcript of the trial. Despite Taylor's failure to file a brief on appeal, this court must review the record to determine if the trial court committed reversible error.

Taylor brought this claim for that portion of a bill for services rendered to O'Halloran that he alleged O'Halloran was obligated to pay but failed to pay. At trial, O'Halloran contended that the amount that Taylor charged him exceeded the contract price, that he (O'Halloran) paid the amounts to which the parties had agreed and that he is not responsible for the difference. O'Halloran makes the same argument on this appeal. Therefore, in essence, O'Halloran argues here that the evidence was insufficient to support the court's implicit finding that the prices discussed between the parties were non-binding estimates and that the court was compelled to find that those amounts were fixed contract prices. This court reviews the factual issues generated in this appeal to determine if they are clearly erroneous. "A trial court's factual determinations are 'clearly erroneous' only if there is no credible evidence on the record to support them, or if the court bases its findings of fact on a clear misapprehension of the meaning of the evidence." *White v. Zela*, 1997 ME 8, ¶ 3, 687 A.2d 645, 646. "In applying this

standard in an appellate proceeding, the factual findings of the District Court are not to be altered or overturned by the Superior Court simply because an alternative finding *also* finds support in the evidence." *Harmon v. Emerson*, 425 A.2d 978, 982 (Me. 1981).

Here, despite O'Halloran's disagreement with Taylor's account of their transaction, the court was presented with sufficient evidence on which it could conclude that the prices quoted by Taylor were estimates rather than a firm, agreed price.

The entry shall be:

For the foregoing reasons, the judgment is affirmed. This case is remanded to the District Court.

Dated: January 15, 2003

_____
Justice, Maine Superior Court

**FILED &
ENTERED**

JAN 17 2003

**SUPERIOR COURT
HANCOCK COUNTY**