STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-03-28

FILED & ENTERED
SUPERIOR COURT

MAR 24 2004

PENOBSCOT COUNTY

JLH - PEN - 3/24/2004

Ardess M. Blount,
    Plaintiff/Appellee

v.

Order on Appeal

DONALD L. GARBRECHT
LAW LIBRARY

APR 15 2004

Wesley A. Proctor,
    Defendant/Appellant

Appealing from a judgment entered against him in a District Court small claims action (Bangor, Laverdiere, J.), Wesley Proctor argues that the court erred in finding him liable for the plaintiff's attorney's fees and expenses incurred in prosecuting that case in other legal work related to the termination of a tenancy. The court has considered the parties' written submissions on this appeal.

Blount owned a single family residence located in Brewer and, in early February 2002, leased the house to Proctor and Rene Ouellette. The written lease, creating a tenancy at will, identified Proctor and Ouellette as the "lessees." Both Proctor and Ouellette signed the lease instrument, although they signed separate copies. Ouellette then moved into the house, although Proctor lived elsewhere. Blount entered into a contract for the sale of the premises to a third party. Under the purchase and sale agreement, the closing was scheduled for March 15, 2002. On February 15, Blount served Ouellette with a 30 day notice of lease termination. The notice was directed to both Ouellette and Proctor. The lessees did not vacate the premises by March 15, and as a result, the prospective sale of the property fell through. In early April, Blount issued a 7 day notice to quit due to overdue rent payments. Again, the premises were not vacated. Blount commenced an action for forcible entry and detainer against Ouellette and Proctor. In late April, the District Court issued default judgments against both of them, and Blount obtained a writ of possession for the leased premises.

Blount then commenced this action against Proctor for rental arrearages and the cost of cleaning and repairing the premises. Blount also sought recovery for attorney's fees that she incurred in connection both with the eviction efforts and the action for money damages. This part of her claim is based on the provision of the written lease that allowed her to recover attorney's fees if she prevailed "in an action brought for the recovery of rent or other monies due under this lease or by reason of a breach of any covenant herein contained or for the recovery of possession of said premises. . .or to recover for damages to said property. . . ." Following a contested hearing, the court found Proctor liable for the unpaid rent and for the costs of repairing the premises. The court also found that Proctor's conduct was "wanton" and that the statutory prohibition against recovery of attorney's fees therefore did not apply. *See* 14 M.R.S.A. §§ 6030(2)(A), (3).

On this appeal, Proctor does not challenge the court's finding that he is liable for the unpaid rent and costs of repair, and he does not raise any issue regarding the amount of attorney's fees that formed part of the judgment entered against him. Rather, he argues only that the court erred when it concluded that he is liable for those fees.

Title 14 M.R.S.A. § 6030(2)(B) forecloses the enforcement of any rental agreement that requires a tenant to pay the landlord's legal fees associated with the enforcement of that agreement. Section 6030(3) creates an exception to that general prohibition: if a tenant wantonly disregards the terms of a rental agreement, then a contractual provision for recovery of attorney's fees by the landlord is not unenforceable.[1] Proctor argues that he was not a tenant and that he did not wantonly disregard the terms of the lease. Although Proctor characterizes these as issues of law, they are more akin to arguments that the court's findings are not supported by the evidence. This court reviews the factual issues generated in this appeal to determine if they are clearly erroneous. "A trial court's factual determinations are 'clearly erroneous'

---

[1] Section 6030(3) may indicate that a landlord can recover those attorney's fees if they result from a "contested hearing." Here, the FED action was not contested, because a judgment was entered by default. On this appeal, however, Proctor does not argue that this condition to the recovery of attorney's fees is wanting, and the court therefore does not address this issue. Rather, Proctor's specifically challenges only the court's findings that he was a tenant and that his conduct was wanton.

2

only if there is no credible evidence on the record to support them, or if the court bases its findings of fact on a clear misapprehension of the meaning of the evidence." *White v. Zela*, 1997 ME 8, ¶ 3, 687 A.2d 645, 646.

First, the court did not commit clear error when it concluded that Proctor was a tenant. Proctor himself signed the lease agreement, thus characterizing himself as a lessee. Even if, as the evidence suggests, Proctor did not reside in the leased premises, he remains a tenant – every bit as much as a sub-lessor is a tenant. Thus, his choice to live elsewhere does not change his status as Blount's tenant.

Second, the evidence is sufficient to support the court's conclusion that Proctor wantonly disregarded the terms of the lease. The lease that Proctor signed makes express references to the possibility that Blount would sell the leased premises while he continued to be a tenant. *See* lease agreement (plaintiff's trial exhibit 2) at ¶¶ 8. 10. Further, from the lease agreement or from some other source of information, Proctor knew that Blount was trying to sell the house. T. 26. Blount had declined to lease the house to Ouellette unless Proctor was a party to the lease agreement. Proctor therefore signed the lease solely as an accommodation to Ouellette, despite the absence of any intention to live in the leased premises himself.

An act or omission is wanton if it reveals a reckless indifference to the rights of others or to the consequences of those acts or omissions. BLACK'S LAW DICTIONARY 1753 (1968) (defining "wanton"). It can be something short of willful conduct but is more than mere negligence. *Blanchard v. Bass*, 153 Me. 354, 358 (1958). Here, although would have supported a finding to the contrary, the evidence also supported the court's implicit finding that Proctor knowingly disregarded Blount's right to make the house available for a seller. Although he himself did not occupy the house under the leasehold, he was a responsible party under the lease. By providing her with the means to transport Ouellette's property to another location, Proctor ultimately assisted Ouellette when she eventually moved out of the house. However, at the very least, prior to March 15, he failed to monitor the status of the lease and failed to do anything to ensure that Blount was able to regain possession of the house when she was entitled to do so under the lease, even though he knew that Blount was actively marketing the property. This

3

evidence justified the court in finding that he wantonly disregarded the termination provisions of the lease.

The entry shall be:

For the foregoing reasons, the judgment is affirmed.

Dated: March 24, 2004

Justice, Maine Superior Court
Jeffrey L. Hjelm

Date Filed __9/11/03__     __PENOBSCOT__     Docket No. __AP-2003-28__
County

Action __SMALL CLAIMS APPEAL__

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

---

ARDESS M. BLOUNT       VS.   WESLEY A. PROCTOR

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOEL A. DEARBORN, ESQ.<br>120 NORTH MAIN STREET<br>BREWER, ME.  04412 | WESLEY A. PROCTOR, Pro se<br>177 CENTRAL ST.<br>MILLINOCKET, ME.  04462 |
| | TANOUS & SNOW<br>P O Box 789<br>Millinocket ME  04462<br>BY:  Nolan H. Tanous, Esq. |

| Date of Entry | |
|---|---|
| 9/11/03 | Appeal from District Court, District Three, Division of Southern Penobscot, Bangor. (Small Claims No. BAN03SC213)  The following papers were received and filed:<br><br>1.  Statement of Claim (Small Claims) with proof of service, (Exhibit A, B, & C attached).<br>2.  Notice of Small Claims Hearing.<br>3.  Plaintiff's Motion to Use Exhibits.<br>4.  Court ADR Report - 8/8/03.<br>5.  Plaintiff's Exhibits 1 through 12.<br>6.  Defendant's Exhibits 1 through 4.<br>7.  Notice of Judgment (Small Claims) - 8/8/03 (Laverdiere, J.)<br>8.  Notice of Appeal Small Claims.<br>9.  Notice of Appeal to the Superior Court Demand for Jury Trial M.R.Civ.P. 76D.<br>10. Transcript Order.<br>11. Two (2) pieces of correspondence.<br>12. District Court Docket Entries. |
| 9/15/03 | Post Card Notice RE: Affidavits pursuant to Rule 80L(c)(1), M.R.Civ.P. within 10 days of the mailing of this notice sent to attorney for Plaintiff and to Defendant, Pro Se. |
| 9/15/03 | Notice of Assigned Justice filed.  Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Jeffrey L. Hjelm.  Copy forwarded to attorney for the Plaintiff and to Defendant, Pro Se. |
| 10/28/03 | Official Transcript of trial heard before the Honorable Charles C. LaVerdiere, Judge of the District Court, in Bangor, Maine, on August 8, 2003 filed. |