STATE OF MAINE                  SUPERIOR COURT
PENOBSCOT, SS.                  CIVIL ACTION
                               Docket No. AP-05-11

Darling's Bangor Ford,                          FILED & ENTERED
        Plaintiff/Appellant                      SUPERIOR COURT
                                                    MAY 3 0 2006
                                                 PENOBSCOT COUNTY

        v.                     Order on Appeal


Ford Motor Company,
        Defendant/Appellee


        Plaintiff Darling's Bangor Ford appeals from an adverse judgment entered on its statement of claim in the District Court (Bangor; Murray, R., J.). Invoking the provisions of 10 M.R.S.A. § 1176, Darling's had sought recovery for the cost of warranty work it performed on a vehicle manufactured by Ford. The court has considered the parties' submissions on appeal and, for the reasons stated below, affirms the judgment.

        When described in general terms, section 1176 establishes the transactional structure under which an authorized motor vehicle franchisee (such as Darling's) is compensated for work performed on vehicles manufactured by a franchisor (such as Ford) pursuant to a warranty created by the franchisor. In this action, Darling's alleged that it performed warranty work on a Ford vehicle and that Ford wrongfully rejected Darling's claim for payment. Here, the trial court found that Darling's customer had purchased a used Ford vehicle from the dealership in early August 2003. The owner put roughly 2,300 miles on the car through late September 2003, when she brought it to Darling's for repair work on the transmission. By then, because the vehicle had been originally sold more than three years earlier and had nearly 31,000 miles on it altogether,

1

the express warranty issued by Ford had expired,[1] leaving only an implied warranty of merchantability as the basis for any warranty work. The court found that, aside from routine maintenance unrelated to the transmission problem, there was no record evidence "regarding Ms. Donovan's [the owner's] use of the vehicle. No evidence was presented regarding the use of the vehicle by its prior owner" between the date of original sale through the date it was sold to Donovan.[2] The court concluded that Darling's had failed to prove that the transmission problem was a defect that constituted a breach of Ford's implied warranty of merchantability, because of "the virtual lack of any evidence regarding the existence of the purported defect at the time of the [original] sale of the vehicle." Because the trial court concluded that Darling's had not established that the cost of the work it performed on the car was subject to reimbursement from Ford, it did not reach the issue of whether the other statutory conditions to such reimbursement had been satisfied by Darling's claim.

Darling's argues there that the trial court erred by requiring it to prove that, at the time of the original sale, the vehicle was affected by a defect that amounted to a breach of its implied obligation to provide a merchantable product. See 11 M.R.S.A. § 2-314 (implied warranty of merchantability). (The expense for work performed by a franchisee to cure a defect that implicates a franchisor's implied warranty of merchantability is subject to reimbursement under section 1176. *Darling's v. Ford Motor Co.*, 1998 ME 232, ¶ 22, 719 A.2d 111, 118.) Contrary to Darling's contention on appeal, when the court examined Darling's allegation that Ford was required to reimburse it for the costs of the transmission repair work, the court correctly imposed on Darling's the burden to prove that the defect existed at the time when the vehicle was originally sold. See *Suminski v. Maine Appliance Warehouse*, 602 A.2d 1173, 1175 (Me. 1992) (vacating verdict against manufacturer of an appliance on a claim for breach of implied warranty of merchantability, because the evidence was insufficient to support a conclusion that the

---

[1] The trial transcript indicates more specifically that the express warranties issued by Ford had expired because of the lapse of time between the original sale of the vehicle and the date when the defect arose, rather than because of the mileage on the vehicle.

[2] The trial transcript reveals that, actually, Ford was the first owner of the vehicle, as well as its manufacturer. Donovan, however, bought it as a used vehicle from Darling's.

2

appliance was unmerchantable "when sold"); *Faulkingham v. Seacoast Subaru, Inc.*, 577 A.2d 772, 774 (Me. 1990) (affirming judgment entered for a used car buyer who sued for breach of implied warranty of merchantability, holding that the evidence did not support a finding that the problem arose after the sale); *see also Walker v. General Electric Co.*, 968 F.2d 119, 119 (1ˢᵗ Cir. 1992) (applying Maine law, and holding that the "plaintiff must show some defect in the product at the time it was sold in order to maintain a claim for breach of the implied warranties of merchantability and fitness for particular purpose."). Although, as Darling's observes, such a requirement is an element of proof in a products liability claim, it also is a component of a claim for breach of implied warranty.

Darling's next contends that the trial court erred in finding, as a factual matter, that it had not established that the transmission defect constituted a breach of Ford's implied warranty of merchantability. The trial court's factual findings are examined for clear error. "A trial court's factual determinations are 'clearly erroneous' only if there is no credible evidence on the record to support them, or if the court bases its findings of fact on a clear misapprehension of the meaning of the evidence." *White v. Zela*, 1997 ME 8, ¶ 3, 687 A.2d 645, 646. Because Darling's bore the burden of proof at trial, it must establish here that the evidence compelled the trial court to find the essential facts in its favor. *Falvo v. Pejepscot Industrial Park, Inc.*, 1997 ME 66, ¶ 10, 691 A.2d 1240, 1243. The record did not rise to that level, despite the absence of a defense testimonial case-in-chief. The sole witness on this claim[3] was Darling's service manager, George DelleChiaie. DelleChiaie testified about the work performed on the Donovan vehicle by other Darling's employees: he had no direct involvement with Donovan, her vehicle or with the work done on it. His testimony was based on his review of the records associated with Darling's sale of the vehicle to Donovan in August 2002 and on the repair work (including the subsequent interactions with Ford when Darling's submitted its reimbursement claim) performed by the dealership. His limited testimony about the particular history of the vehicle, although admissible in a small claims case, is not inconsistent with the court's findings and cannot be viewed as necessarily dispositive.

---

[3] The trial in this case was held at the same time as a consolidated trial in four other matters. The witnesses and evidence, however, did not overlap.

Darling's also argues that the transmission failure must be treated as a breach of an implied warranty, because that failure occurred within the normal useful life of the part. Resort to the collateral evidence invoked in support of that argument, such as consumer information disseminated by the Department of the Attorney General and by trade sources, is not so determinative as to make the resulting inference a necessary one.

Thus, Darling's evidence in the case allowed the court to weigh its effect and conclude, as it did, that it was insufficient to prove that the vehicle defect was attributable to Ford itself. Because, as it was entitled to do on this record, the trial court found that the repair work on the Donovan vehicle transmission was not warranty work, Darling's failed to prove that its work fell within the scope of section 1176 and thus that it was entitled to reimbursement, even if the reasons for Ford's rejection of the reimbursement claim was insufficient: the predicate for reimbursement has not been established, thus precluding recovery in the first instance. In light of the actual basis for its judgment, and despite the efforts of the parties – then and now – to reach issues more central to section 1176, the District Court did not need to reach the remaining issues urged by the parties.

The entry shall be:

For the foregoing reasons, the judgment is affirmed.

Dated: May 19, 2006

_____
Justice, Maine Superior Court

4

Date Filed __5/4/05__       __Penobscot__       Docket No. __AP-2005-11__

County

Action __District Court Small Claims Appeal__

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

DARLING'S BANGOR FORD       vs.       FORD MOTOR COMPANY

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| EATON PEABODY | VERRILL & DANA |
| P O BOX 9 | P O BOX 586 |
| 167 PARK ROW | ONE PORTLAND SQUARE |
| BRUNSWICK ME 04011-0009 | PORTLAND ME 04112-0586 |
| BY: JUDY METCALF, ESQ. | BY: DANIEL L. ROSENTHAL, ESQ. |

| Date of Entry | |
|---|---|
| 5/4/05 | Appeal from District Court, District Three, Division of Southern Penobscot, Bangor, ME (Small Claims Docket No. SC-2004-119) The following papers were received and filed:<br><br>1. Statement of Claim (Small Claims)<br>2. Notice of Small Claims Hearing set 6/18/04.<br>3. Letter Requesting hearing set 6/18/04 be recorded.<br>4. Notice of Small Claims Hearing set 10/29/04.<br>5. Notice of Small Claims Hearing set 1/21/05.<br>6. Letter Requesting hearing set 1/21/05 be recorded.<br>7. Brief of Defendant Ford Motor Company.<br>8. Plaintiff's Closing Argument.<br>9. Findings and Judgment (Murray, R, J.) 3/31/05.<br>10. Notice of Appeal (Small Claims).<br>11. Transcript Order.<br>12. Plaintiff's Exhibits 1-5.<br>13. Defendant's Exhibit 1 - 8A, 8-31.<br>14. District Court Docket Entries.<br>15. Two (2) Pieces of Correspondence |
| 5/11/05 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Jeffrey L. Hjelm. /s/Margaret Gardner, Clerk. Copy forwarded to all attorneys of record. |
| 6/8/05 | Original Transcirpt of Small Claims Hearing held on 1/21/05 before Honorable Robert E. Murray, Judge of the District Court filed. |
| 6/9/05 | Notice and Briefing Schedule 76G Appeal of District Court Civil Action filed. Copy forwarded to attorneys of record. |
| 6/14/05 | Corrected Notice and Briefing Schedule 76G Appeal of District Court Civil Actio filed. Copy forwarded to attorneys of record. (To Reflect Assigned Justice |
| 7/18/05 | Appellant's Darling's Brief filed. |