STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2005 FEB -8 A 8: 34

LINDY DESJARDIN
CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-04-84

ADRIAN DOBSON,

      Petitioner

v.

STATE OF MAINE,

      Respondent    MAY 3 2005

**DECISION ON PETITION
FOR POST-CONVICTION
REVIEW**

This matter came before the court on the petition of Adrian Dobson for post-conviction review pursuant to 15 M.R.S.A. §§ 2121-2130. Dobson seeks a review of his conviction after a guilty plea of a charge of assault against his girlfriend, making it an assault of a domestic nature. The petitioner's sole ground for review is ineffective assistance of counsel at the time of his plea. Dobson argues that his attorney was ineffective in that the attorney did not advise Dobson of the possible impact that his plea would have on Dobson's immigration status. Dobson is a citizen of Jamaica. The testimony of Mr. Dobson and his plea attorney, Stephen Bourget, was taken and other evidence, including the transcript of the plea of February 13, 2004, has been fully considered.

**Facts**

On Friday, February 13, 2004, Adrian Dobson appeared in the Augusta District Court for arraignment on a charge of assaulting one Gertrude Floyd. Stephen Bourget, Esq. was the attorney of the day present in the District Court to assist with six to eight defendants who were in custody awaiting arraignment. Attorney Bourget noticed that Mr. Dobson is black and has an accent of some type. When asked where he had come from, Dobson answered "New Hampshire."

Attorney Bourget advised Dobson to plead not guilty and that they would then argue for bail. Attorney Bourget was then called away to other business in the Superior Court and, on his return, was surprised to see Dobson about to appear before the judge. Dobson was asked how he wished to plea to which he responded, "I'd plead guilty, Your Honor." There followed comments by attorney Bourget and Mr. Dobson which were indiscernible in the record, but, according to Mr. Bourget, cexpressing his surprise at the guilty plea and Dobson responding to him that he had negotiated the matter with the District Attorney and had to enter the guilty plea. Dobson then repeated the guilty plea. However, seconds later, after Dobson began to blame the victim for starting the altercation, the judge asked Dobson if he wanted to have a trial and whether he wanted to speak with his attorney about the situation until the trial date. Dobson declined.

Three or four days after the plea, Dobson visited his attorney asking to get the plea vacated on the ground that it would have an effect upon his immigration status and perhaps require his deportation to his homeland of Jamaica. According to attorney Bourget, whose testimony the court found to be credible, Dobson wanted the case "thrown out" because that is what had happened in his last case, apparently a plea in New Hampshire. When asked why he had not listed Jamaica as his place of birth on an intake form, Dobson stated that he could not give that information because he then would be unable to take the plea and get out of jail on the 13th.

## Discussion

In examining the question of effective assistance of counsel in the context of a plea, the court must consider first that the performance of his attorney was below that of an ordinary fallible attorney and that the petitioner was prejudice as a result of that performance. "[T]he petitioner had to show a reasonable probability that he would have insisted on going to trial if he had received ineffective assistance of counsel."

*Laferriere v. State*, 697 A.2d 1301 (Me. 1997). The burden of proving both prongs of the test is on the petitioner.

Effective assistance of counsel in this area of criminal convictions and their effect on immigration status has been recognized in Maine. *Aldus v. State*, 748 A.2d 463 (Me. 2000). In other jurisdictions, courts have held that the immigration consequences of guilty pleas are collateral matters which would not give rise to a finding of ineffective assistance. Despite the *Aldus* decision, our Supreme Judicial Court has not gone that far. However, it is not necessary to analyze the attorney's performance in the present case, since it is clear that he could not pass the second prong of the test.

Earlier cases have held that a failure to prove the requisite prejudice under the second prong of the test precludes relief regardless of the quality of the counsel's performance. *Brewer v. State*, 1997 ME 177 ¶ 20, 619 A.2d 1139, 1144; *Pottious v. State*, 1997 ME 234, ¶ 9, 704 A.2d 1221, 1223. Based on the testimony of attorney Bourget, it is clear that Dobson knew about the possible consequences of his guilty plea at the time he entered his plea to the assault charge because he had been through the same process in a previous case in New Hampshire. Dobson's present testimony that he would have pled not guilty and sought a trial if he had known about these consequences is belied by his actions when he entered his plea. It is clear from the testimony and the transcript that Dobson's one goal on February 13, 2004, was to get out of jail regardless of what that entailed, even the immigration consequences about which he already knew. Therefore, Dobson cannot now claim that he would acted differently had the attorney informed him of what he already knew. The petitioner has failed to meet the tests necessary for ineffective assistance of counsel under these circumstances.

The entry will be:

4

Petition DENIED.

Dated: February 7, 2005

S. Kirk Studstrup
Justice, Superior Court

ADRIAN DOBSON
   vs
STATE OF MAINE

## DOCKET RECORD

PL. DOB: 04/20/1977
PL. ATTY: WILLIAM PAGNANO                    State's Attorney: EVERT FOWLE
          WILLIAM F. PAGNANO, ESQ
          431 MAIN STREET
          ROCKLAND ME 04841
          APPOINTED 04/22/2004

Filing Document: PETITION                    Major Case Type: POST CONVICTION REVIEW
Filing Date: 02/27/2004

## Charge(s)

## Docket Events:

02/27/2004 FILING DOCUMENT -  PETITION FILED ON 02/27/2004

03/02/2004 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 03/02/2004

03/25/2004 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 03/22/2004

03/25/2004 ORDER -  COURT ORDER FILED ON 03/22/2004

          POST CONVICTION ASSIGNMENT ORDE FILED AND INCORPORATED HEREIN BY REFERENCE, CASE ASSIGNED
          TO THE REGULAR CRIMINAL DOCKET; TIME LIMITS ESTABLISHED.
03/25/2004 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 02/27/2004

03/26/2004 ORDER -  SPECIAL ASSIGNMENT ENTERED ON 03/26/2004

          JUSTICE S. KIRK STUDSTRUP ASSIGNED.
04/14/2004 MOTION -  MOTION FOR APPOINTMENT OF CNSL DENIED ON 04/14/2004
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL
04/23/2004 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 04/22/2004
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL
04/23/2004 Party(s):  ADRIAN DOBSON
          ATTORNEY -  APPOINTED ORDERED ON 04/22/2004

          Attorney:  WILLIAM PAGNANO
04/29/2004 AUDIT -  AUDIT REPORT CHART_OF_ACCOUNT EDI ON 04/29/2004 @ 9:37

          RV APPR ABRV:GF; OLD OVERRIDE CODE:NONE; NEW OVERRIDE CODE:NONE; OLD AMT OVERRIDE:0; NEW
          AMT OVERRIDE:0; USER ID:CWILLARD
05/05/2004 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 05/05/2004

05/05/2004 ORDER -  TRANSCRIPT ORDER FILED ON 05/05/2004

          COPY OF ORDER SENT TO ELECTRONIC RECORDING
05/06/2004 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/05/2004
          S KIRK STUDSTRUP , JUSTICE

Printed on: 02/08/2005

COPY TO PARTIES/COUNSEL
06/17/2004 AUDIT - AUDIT REPORT CHART_OF_ACCOUNT EDI ON 06/17/2004 @ 10:51

RV APPR ABRV:GF; OLD OVERRIDE CODE:NONE; NEW OVERRIDE CODE:NONE; OLD AMT OVERRIDE:0; NEW
AMT OVERRIDE:0; USER ID:CWILLARD
07/01/2004 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 06/30/2004

07/01/2004 OTHER FILING - WITNESS LIST FILED BY DEFENDANT ON 06/30/2004

07/02/2004 ORDER - TRANSCRIPT ORDER FILED ON 07/02/2004

COPY SENT TO ELECTRONIC RECORDING
07/20/2004 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 07/19/2004

STATE'S RESPONSE TO PETITIONER'S AMENDED PETITION
09/20/2004 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 10/08/2004 @ 8:15

09/20/2004 POST CONVIC. REVIEW - PCR CONFERENCE NOTICE SENT ON 09/20/2004

09/29/2004 POST CONVIC. REVIEW - PCR CONFERENCE CONTINUED ON 09/29/2004

12/07/2004 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 12/07/2004 @ 10:30

12/07/2004 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 12/07/2004
S KIRK STUDSTRUP , JUSTICE
Attorney: WILLIAM PAGNANO
DA: PAUL RUCHA
CONFERENCE HELD BY TELEPHONE. READY FOR HEARING.
12/07/2004 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 12/21/2004 @ 9:00

NOTICE TO PARTIES/COUNSEL
12/07/2004 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 12/07/2004

12/08/2004 OTHER FILING - TRANSCRIPT FILED ON 12/08/2004

12/22/2004 HEARING - EVIDENTIARY HEARING HELD ON 12/21/2004
S KIRK STUDSTRUP , JUSTICE
Attorney: WILLIAM PAGNANO
DA: PAUL RUCHA          Reporter: JANETTE COOK
Defendant Present in Court

WITNESSES: ADRIAN DOBSON AND STEPHEN BOURGET
12/22/2004 CASE STATUS - DECISION UNDER ADVISEMENT ON 12/21/2004
S KIRK STUDSTRUP , JUSTICE
01/18/2005 OTHER FILING - MEMORANDUM OF LAW FILED ON 01/18/2005

02/08/2005 FINDING - DENIED ENTERED BY COURT ON 02/08/2005
JOHN R ATWOOD , JUSTICE
PETITION DENIED

**Receipts**
04/29/2004       Attorney Payment       $25.00              paid.

| 05/06/2004 | Attorney Payment | $25.00 | paid. |
| 05/13/2004 | Attorney Payment | $25.00 | paid. |
| 05/20/2004 | Attorney Payment | $25.00 | paid. |
| 05/27/2004 | Attorney Payment | $25.00 | paid. |
| 06/03/2004 | Attorney Payment | $25.00 | paid. |
| 06/10/2004 | Attorney Payment | $25.00 | paid. |
| 06/17/2004 | Attorney Payment | $25.00 | paid. |
| 07/02/2004 | Attorney Payment | $25.00 | paid. |
| 07/09/2004 | Attorney Payment | $25.00 | paid. |
| 08/05/2004 | Attorney Payment | $25.00 | paid. |
| 08/19/2004 | Attorney Payment | $25.00 | paid. |
| 09/03/2004 | Attorney Payment | $25.00 | paid. |
| 10/05/2004 | Attorney Payment | $25.00 | paid. |

A TRUE COPY
ATTEST: _____
Clerk